# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KASSI TCHANKPA,** | :<br>: |
| Plaintiff, | :<br>: |
| v. | : Case No. 2:16-CV-0895<br>: |
| **ASCENA RETAIL GROUP** | : Chief Judge Edmund A. Sargus, Jr.<br>: Magistrate Judge Terence P. Kemp |
| Defendant. | :<br>:<br>: |

## AGREED PROTECTIVE ORDER

Plaintiff Kassi Tchankpa ("Tchankpa") and Defendant Ascena Retail Group[1] ("Ascena"), through their attorneys, having stipulated and agreed to the entry of a Protective Order, and the Court finding that good cause supports entry of this Protective Order and that justice so requires it,

**IT IS HEREBY ORDERED**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the documents and other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation, shall be subject to the terms and provisions of this Protective Order as follows:

1.  Ascena, Tchankpa, and/or any other related non-parties involved in any way in this litigation are required to maintain the confidentiality of the following documents and information obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case (hereinafter referred to as "confidential material"): (a) documents and information from

personnel files of current and former employees of Ascena; (b) documents and information pertaining to disciplinary actions by or against current or former employees of Ascena; (c) lists of names of employees currently or formerly employed by Ascena; (d) medical, family medical, and personal financial and tax information of any person; (e) any document that contains or relates to sensitive financial, business, or personal information, including but not limited to, trends and projections, business strategies and associated information, and any Ascena customer information; and (f) any document or information that a party in good faith believes to contain confidential or proprietary business information, which is designated by the party as "CONFIDENTIAL." Such designation shall subject the information produced or provided under said designation to the provisions of this Protective Order.

2. Ascena and/or Tchankpa may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the court reporter and counsel of such designation during the course of the deposition or at any time thereafter. Portions of any deposition designated "CONFIDENTIAL" are to be either: (a) redacted before the deposition transcript is filed with the Court; or (b) filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Protective Order. These portions shall remain sealed until further agreement of the parties."

3. Whenever a party wishes to file any confidential material with the Court, the party may either: (a) redact all of the information contained on any page that is marked "CONFIDENTIAL" before filing said document with the Court; (b) if the party wishing to file the confidential material is the party asserting confidential treatment (hereafter "designating party"), that party may, at their discretion, redact only that information that it deems confidential before filing with

---

[1] Though Plaintiff has named "Ascena Retail Group" as the Defendant in this action, the entity that employed Plaintiff, and thus the proper Defendant, is Ascena Retail Group, Inc.

the Court; or (c) separately file the document under seal with Court. If a party wishes to file a document that has been marked confidential with the Court, the party will file a motion establishing good cause for the document to be preserved under seal. A document may not be filed under seal without prior approval of the Court.

4. Ascena or Tchankpa may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5. Except upon prior written consent of the designating party or upon further order of a court of competent jurisdiction, confidential material shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to confidential material shall be limited to:

    (a) Counsel for the respective parties, including in-house counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

    (b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation; and

    (c) Parties or officers or employees of the respective parties who have a reasonable business need to review such documents, testimony, information or material.

6. Confidential material shall not be disclosed to any expert or consultant (as defined in paragraph 5(b)) unless and until such person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Protective Order.

7. No party shall make more copies of any confidential material than are reasonably necessary to conduct this litigation.

8. Except as otherwise provided for in this Protective Order, all confidential material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

9. If Ascena or Tchankpa objects to the designation of any document, testimony, information or material as "CONFIDENTIAL," they may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated, but only after first conferring with opposing counsel in an attempt to resolve the issue. The burden shall remain with the designating party to justify such designation under the standard set forth in Fed. R. Civ. P. 26(c). Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be treated as confidential material in accordance with this Protective Order.

10. Should any party hereto seek to utilize any confidential material at trial or a hearing in this matter, the party shall confer with counsel for the opposing party in an effort to agree upon a procedure to ensure the confidentiality of such document, testimony, information or material. In the event the parties are unable to reach agreement, the matter will be submitted to the Court.

11. Upon termination of this litigation and at the request of the designating party, all copies of material (and all summaries thereof) shall be returned to counsel for the designating party or destroyed.

12. This Protective Order may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

**IT IS SO ORDERED.**

/s/ Terence P. Kemp
JUDGE SARGUS
~~XXXXXXXXXX~~
United States Magistrate Judge

**AGREED:**

<table>
<tr>
<td>

*/s/ William J. O'Malley (per email consent dated 4.7.2017)*
William J. O'Malley
4591 Indianola Ave.
Columbus, OH 43214
deberly@emclawyers.com
Telephone: (614) 262-8360
Facsimile: (614) 262-5732

Attorney for Plaintiff Kassi Tchankpa

</td>
<td>

*/s/ Brooke E. Niedecken*
Brooke E. Niedecken (0079142)
Julia R. Baxter (0086648)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH  43215
Telephone: 614.463.4201
Facsimile: 614.221.3301

Attorneys for Defendant
Ascena Retail Group

</td>
</tr>
</table>