# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KASSI TCHANKPA,

    Plaintiff,

                                      Civil Action 2:16-cv-895
                                      Chief Judge Edmund A. Sargus, Jr.
    v.                              Magistrate Judge Chelsey M. Vascura

ASCENA RETAIL GROUP, INC.,

    Defendant.

## ORDER

This matter is before the court for consideration of Plaintiff's Motion to Compel the Production of Documents (ECF No. 53), in which Plaintiff seeks a Court order compelling nonparty Colleen Sheehy, an individual representative of Defendant's third-party administrator at the Frank Gates Company, to comply with a subpoena. For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

The Court must deny Plaintiff's Motion at this juncture because he failed to properly serve the subpoena as required under Federal Rule of Civil Procedure 45(b). Rule 45(b) provides as follows:

> **(b) Service**
>
> **(1)** *By Whom and How; Tendering Fees*. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Fed. R. Civ. P. 45(b). Rule 45(b)(4) further provides as follows: "Proving service, when

necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the person served. The Statement must be certified by the server." Thus, generally, "Rule 45(b)(1) requires personal service of subpoenas and does not permit service by certified mail." *McClendon v. TelOhio Credit Union, Inc.*, No. 2:05-cv-1160, 2006 WL 2380601, at *2 (S.D. Ohio Aug. 14, 2016); *see also Lucas v. Jolin*, No. 1:15-cv-108, 2016 WL 5844300, at *4 (S.D. Ohio, Oct. 6, 2016) (declining to grant movant's motion to compel subpoena that was served by certified mail, noting that although the Sixth Circuit has not definitively ruled on the personal service issue, "many courts, including courts within the Sixth Circuit have held that Rule 45 requires personal service").

Here, the "PROOF OF SERVICE" page Plaintiff attaches to his Motion has not been completed. (*See* ECF No. 53-1, PAGEID# 383.) Rather, based upon the certified mail receipt attached to his Motion (ECF No. 53-2 at PAGEID# 385), it appears that Plaintiff attempted service of the at-issue subpoena via certified mail. But even if the Court found certified mail to be an acceptable method of service, the Court is unable to discern from Plaintiff's attachments that nonparty Ms. Sheehy received the subpoena. Rather, his attachments reflect only that Plaintiff's mailing was delivered to "the mail room" "in DUBLIN, OHIO 43017." (*Id.* at PAGEID# 386.) Because Plaintiff has not properly served the subpoena at issue on nonparty Ms. Sheehy, the Court declines to issue a court order compelling her to comply.

The Court further notes that it advised Plaintiff regarding Rule 45(b)'s service requirements both in an earlier Order (ECF No. 35) and also during the December 29, 2017 telephone conference (*see* ECF No. 48).

Accordingly, Plaintiff's Motion to Compel is **DENIED WITHOUT PREJUDICE** to

renewal should nonparty Ms. Sheehy fail to timely respond to a properly served subpoena. To the extent Plaintiff intends to properly serve Ms. Sheehy with a subpoena, the Court reminds him that Rule 45(d)(3)(A) requires that he afford Ms. Sheehy a "reasonable time to comply" with the subpoena. Under the circumstances presented here, the Court considers fourteen days presumptively reasonable.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE