# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KASSI TCHANKPA,**

    **Plaintiff,**

    v.

**ASCENA RETAIL GROUP, INC.,**

    **Defendant.**

**Civil Action 2:16-cv-895**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter came before the Court for a telephonic discovery conference on February 2, 2018, to address Plaintiff's January 22, 2018 Motion to Compel. (ECF No. 60.) Plaintiff, who is proceeding without the assistance of counsel, and counsel for Defendant appeared. This Order memorializes the results of that conference.

The first issue Plaintiff raised concerned whether Defendant provided enough detail regarding the search methods it utilized to identify documents responsive to his discovery requests. Defense counsel explained that Defendant's Workers' Compensation Specialist, Patricia Roughgarden, maintains all relevant information once a workers' compensation claim is filed. Defense counsel pointed out that they provided Ms. Roughgarden's Declaration, which reveals the steps Ms. Roughgarden took in locating responsive documents. Defendant also provided the Declaration of Austin Pritchard, Defendant's Director of Infrastructure in the IT Department, in which Mr. Pritchard details his search methodology. Despite Plaintiff's assertion that Defendant's search efforts were insufficient, he could not provide an example of a document

that he had in his possession that Defendant did not also produce during the course of discovery. Plaintiff asserted, however, that he has such documentation, but needed additional time to locate those documents. Defense counsel represented that Defendant is unaware of any responsive email or document that it has not produced, but that Defendant remains willing to conduct additional searches should Plaintiff provide evidence to the contrary. The Court concluded that in the absence of additional evidence from Plaintiff, Defendant's search efforts were reasonable. However, the Court allowed Plaintiff **until the close of business on FEBRUARY 9, 2018**, to produce documents that he maintains demonstrate that Defendant's search was inadequate.

The Court next addressed Plaintiff's request to depose Ms. Roughgarden. The Court pointed out that during numerous prior conferences, when asked what additional discovery he needs, Plaintiff failed to identify Ms. Roughgarden as in individual he would like to depose. The Court further pointed out that discovery has been closed since November 27, 2017 (ECF No. 17), and has *only been extended for limited purposes* since then. (*See* Nov. 21, 2017 Order, ECF No. 33 & Dec. 28, 2017 Order, ECF No. 48.) Thus, Plaintiff's request to reopen discovery to allow yet another deposition is **DENIED**.

The parties' then raised an issue relating to the previously-agreed upon depositions of Defendant's former employees. The Court had previously granted Plaintiff an extension of time, until February 15, 2018, to depose certain individuals, many who were no longer employed with Defendant. (Dec. 20, 2017 Order, ECF No. 48.) Defense counsel, in a January 3, 2018 email, informed Plaintiff that some of these individuals, Mses. Null, Lester, and Kuhlmeier, gave permission for Defense counsel to accept service of the subpoenas on their behalf. (*See* Pl.'s Mot. to Compel, ECF No. 60, at PAGEID# 419.) Defense counsel later informed Plaintiff that Ms.

2

Kuhlmeier rescinded her permission and provided Plaintiff with her last known address. Defense counsel further represented to the Court that more than two weeks prior to the conference, they provided Plaintiff with numerous potential dates for the depositions of Mses. Null and Lester, but that Plaintiff failed to select a date.

Despite Plaintiff's inability to provide adequate notice before the February 15, 2018 discovery deadline, Defense counsel agreed confer with Mses. Null and Lester in an effort to secure their agreement to be deposed prior to the February 15, 2018 discovery deadline. Plaintiff informed the Court that if Mses. Null and Lester were unwilling or unable to be deposed prior to the discovery deadline, he did not want to seek an extension of the case schedule, explaining that he would proceed with the other evidence he has secured through the discovery process.

Finally, the Court indicated that limited discovery relating to damages will be permitted, if appropriate, after the Court has resolved the parties' forthcoming dispositive motions.

Accordingly, Plaintiff's Motion to Compel is **DENIED** in its entirety. (ECF No. 60.)

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE