# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KASSI TCHANKPA,

    Plaintiff,

v.

ASCENA RETAIL GROUP, INC.,

    Defendant.

Case No. 2:16-cv-895
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## **OPINION AND ORDER**

Before the Court is Defendant Ascena Retail Group, Inc.'s Motion to Strike Plaintiff Kassi Tchankpa's Deposition Errata Sheet (ECF No. 63). For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.

Tchankpa is suing his former employer, Ascena, for disability discrimination (under federal and state law), tortious injury, and tortious refusal to pay medical bills. (*See* Am. Compl. at 10–14, ECF No. 22.) On January 9, 2018, Ascena took Tchankpa's deposition. (Mot. at 2, ECF No. 63.) Tchankpa reserved the right to review and sign the deposition transcript, and on February 19, 2018, he signed an errata sheet outlining several hundred changes to his deposition testimony. (*See* Errata Sheet at PageID 608, ECF No. 63-3.)

In a section entitled "INSTRUCTIONS" on the first page of his errata sheet, Tchankpa indicated that the changes that he was making to his deposition testimony were intended to remove, rephrase, and replace words, lines, and even entire answers of his testimony. (*See* Errata Sheet at PageID 608.) Tchankpa also listed on the first page of the errata sheet the reasons for his changes. (*Id.*) Each change addresses (1) a typing error, (2) being interrupted by defense counsel,

(3) lack of information at the deposition, (4) a confusing question, (5) a confusing question, improper wording, or being interrupted, or (6) an answer that does not make sense. (*See id.*; *see also* Resp. at 2–6, ECF No. 66.)

Arguing that Tchankpa cannot use his errata sheet to make substantive changes to his deposition testimony, Ascena has moved to strike the errata sheet. (*See* Mot. at 1–2.) Ascena requests that all but five of Tchankpa's changes (those found on lines 222, 246, 378, 1204, and 1458 of the errata sheet) be stricken. (*Id.* at 1.)

## II.

Ascena styles its Motion as one to strike Tchankpa's errata sheet. The Court, however, interprets the Motion as a request for it to disregard the changes in the errata sheet when ruling on motions for summary judgment. *See Jones-McNamara v. Holzer Health Sys., Inc.*, No. 2:13-cv-616, 2015 WL 196048, at *2 (S.D. Ohio Jan. 14, 2015); *Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, at *2 (S.D. Ohio July 21, 2014).

### A. Legal Standard

Federal Rule of Civil Procedure 30(e) outlines the process by which a deponent may alter his deposition testimony:

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

2

Fed. R. Civ. P. 30(e). District courts in the Sixth Circuit interpret this Rule restrictively. Although Rule 30(e) refers to changes in "substance," courts in the Sixth Circuit have interpreted the Rule to prohibit substantive changes and permit only the correction of typographic and transcription errors. *See, e.g., McClendon v. Hightowers Petroleum Co.*, No. 1:14-cv-00619, 2016 WL 2859625, at *1–2 (S.D. Ohio May 16, 2016); *Mullins*, 2014 WL 3573498, at *2–3; *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, No. 1:12CV-00205, 2016 WL 4132294, at *2–3 (W.D. Ky. Aug. 3, 2016).

This restrictive approach stems from the Sixth Circuit's decision in *Trout v. FirstEnergy Generation Corp.* Addressing the scope of Rule 30(e), the Sixth Circuit explained:

> FirstEnergy responds that Trout is not entitled to benefit from her corrected deposition testimony because her counsel did not rehabilitate her statements during the deposition. As FirstEnergy points out, "Rule 30(e) does not allow one to alter what was said under oath." *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008). "If that were the case, one could merely answer the questions with no thought at all[], then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Id.* (citation omitted).

*Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009). Most courts in the circuit have interpreted *Trout* as establishing the rule that an errata sheet may not be used to make substantive changes to testimony. *See Ramirez*, 2016 WL 4132294, at *3 (collecting cases).

At least one court, however, has questioned this interpretation. The Eastern District of Michigan has read the Sixth Circuit's decision in *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009), to suggest that a party might be permitted to make substantive changes via errata sheets. *See Jermano v. Graco Children's Prods., Inc.*, No. 13-cv-10610, 2015 WL 1737548, at *2–3 (E.D. Mich. Apr. 16, 2015). In *Carter*, the Sixth Circuit stated:

> Once Carter had information that would have caused her to reconsider her

3

deposition testimony regarding the scope of her claims, she had several options. Under Rule 30(e)(1)(B), she had thirty days following her deposition to make changes "in form or substance." Fed. R. Civ. P. 30(e)(1)(B). She was, after all, under a general duty to supplement or correct discovery responses. *See* Fed. R. Civ. P. 26(e).

*See Carter*, 561 F.3d at 568. This language could suggest that the Sixth Circuit was endorsing the use of Rule 30(e) to make substantive changes to deposition testimony. But because Carter did not actually attempt to make substantive changes to her testimony under Rule 30(e), the Sixth Circuit did not actually have to decide whether the Rule permits substantive changes. *See id.* This language, in other words, is dicta, and the Court need not reconcile it with *Trout*. *Cf. Jermano*, 2015 WL 1737548, at *3 (acknowledging that the language in *Carter* is dicta and that the Sixth Circuit "plainly did not *hold* that a deponent may make substantive changes to her deposition testimony under Rule 30(e)").

So, like the other judges of this Court, and like the majority of judges in this circuit, the undersigned interprets Rule 30(e) to prohibit substantive changes to deposition testimony. *See, e.g., McClendon*, No. 1:14-cv-00619, 2016 WL 2859625, at *1–2; *Ramirez*, 2016 WL 4132294, at *2–3. A deponent may only use Rule 30(e) to correct typographic and transcription errors. *See Trout*, 339 F. App'x at 565; *Mullins*, 2014 WL 3573498, at *2–3.

**B.   Analysis**

Tchankpa contends that his errata changes should be permitted because (i) he was taking chronic pain medication during the deposition that purportedly impeded his ability to understand defense counsel's questions, (ii) some of the events he was asked about during the deposition occurred years ago and he did not remember the details of those events while testifying, (iii) he was asked to testify about documents that he had never seen before, (iv) some of defense counsel's questions were confusing and unclear, and (v) the transcript contains incomplete

4

answers because defense counsel interrupted his answers or the court reporter failed to transcribe his full answers. (*See* Resp. at 2–6, ECF No. 66.) Tchankpa's arguments are unavailing.

In this circuit, a deponent cannot make substantive changes to his deposition testimony under Rule 30(e) based on defense counsel's interruptions, confusion over questions, unfamiliarity with documents, or a failure to remember the events in question. *See Trout*, 339 F. App'x at 565; *Mullins*, 2014 WL 3573498, at *1–3. And although Tchankpa cites several cases for the proposition that changes for these reasons are permissible under Rule 30(e), (*see* Resp. at 3, 5–6), none of those cases controls here. All but one of the cases come from outside of the Sixth Circuit, and the sole case from within the circuit, *United States ex rel. Barbara Burch v. Piqua Eng'g, Inc.*, 152 F.R.D. 565, 566–67 (S.D. Ohio 1993), was issued more than fifteen years before the Sixth Circuit decided *Trout*. (*See* Resp. at 3, 5–6.)

Tchankpa's medication argument is contradicted by his actions during the deposition. Tchankpa indicated during the deposition that his medications might affect his ability to understand questions. (*See* Tchankpa Dep. at 24–25, ECF No. 63-3.) He agreed, however, to inform defense counsel if at any point he did not understand a question. (*See id.* at 25 ("And I will let you know—if there is any issue, I will let you know.").) At no point during the remainder of the deposition did Tchankpa suggest that he did not understand a question because of his medications. And when Tchankpa stated that he did not understand a question for some other reason, defense counsel rephrased the question. (*See, e.g., id.* at 44, 61, 109, 146, 248, 286.)

Tchankpa suggests that he made some of the changes in his errata sheet to correct transcription errors. (*See* Resp. at 5.) But Tchankpa does not identify which of his many changes are to correct such errors. In his Response, he simply notes: "Plaintiff's Answers as transcribed indicates that Plaintiff was not able to finish answering the questions asked by Defendant's

5

counsels. Plaintiff was ever abruptly stopped by Defendant's counsel or the court reporter missed to transcribe Plaintiff's full Answers." (*Id.*) And in his instructions at the beginning of the errata sheet, Tchankpa offers equally cryptic descriptions for why he made many of his changes. (*See* Errata Sheet at PageID 608, ECF No. 63-3.) As to his argument that defense counsel interrupted him or the court reporter failed to fully transcribe his answers, Tchankpa provided the following two "change codes": "#2: Incomplete. I was cut off" and "#5: Confusing question or improper wording or I was cut off." (*Id.*) Because Tchankpa has not distinguished between his permissible changes, which correct transcription errors, and his impermissible changes, which add new information at the points in Tchankpa's testimony where he claims he was interrupted, the Court will distinguish between the changes.

After reviewing the errata sheet and the accompanying portions of the deposition transcript, the Court concludes that the changes found on lines 199, 222, 246, 248, 270, 304, 378, 394, 545, 547, 570, 675, 711, 748, 757, 759, 768, 815, 863, 937, 939, 941, 952, 990, 992, 995, 1071, 1112, 1147, 1162, 1193, 1204, 1207, 1212, 1218, 1236, 1252, 1267, 1283, 1345, and 1458 of the errata sheet are corrections of typographic or transcription errors. The remaining changes are impermissible substantive alterations to Tchankpa's testimony that the Court will disregard when ruling on motions for summary judgment.

### III.

For these reasons, Ascena's Motion (ECF No. 63) is **GRANTED IN PART** and **DENIED IN PART**, and the Court will only consider the errata changes listed above when ruling on motions for summary judgment.

**IT IS SO ORDERED.**

__3-26-2018__
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**